# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYMARK INC., et al., <br><br> Defendants. | **Case No. 2:25-mc-00005** <br><br> Originating Court: D. Utah <br> Originating Case No.: 2:23-CV-00467 <br><br> **MOTION TO STAY** |

Movant John Simkiss ("Movant") hereby moves for a stay of this matter following the close of discovery on January 28, 2025, in the underlying litigation, *Capana Swiss Advisors, AG v. Rymark Inc.*, Case No. 2:23-cv-00467 (D. Utah) ("Utah Matter"), at [ECF 88], pending the outcome of a motion to extend discovery filed by Defendants Rymark, Inc., Nicholas Markosian, and Vicky Small ("Defendants")[1] in the Utah Matter. *Id.* at [ECF 230]. Unless and until that motion has been granted in the Utah Matter, Movant's Motion to Quash, filed on January 21, 2025, is moot.

In support, Movant states:

1. The Utah Matter was initiated by complaint on July 18, 2024, in the United States District Court for the District of Utah. Utah Matter, at [ECF 1].

2. Defendants' first answer and counterclaim in the Utah Matter was filed over a year ago, on September 18, 2023. *Id.* at [ECF 11].

---

[1] Defendants Rymark, Inc. and Nicolas Thayne Markosian are also Counterclaimants and Third-Party Plaintiffs in the above-captioned civil action.

3.  Shortly thereafter, on November 7, 2023, the district court in the Utah Matter issued a scheduling order setting the close of fact discovery for September 30, 2024. *Id.* at [ECF 25]. On June 21, 2024, that deadline was extended to January 28, 2025. [ECF 88].

4.  Movant did not hear anything from Defendants about the Utah Matter until approximately December 18, 2024, when, with just over a month before the close of fact discovery, Defendants served third-party discovery requests—a deposition subpoena and a subpoena *duces tecum*—on H2E Americas, LLC ("H2E"), a Delaware corporation in which Movant is a member.

5.  Movant's counsel, who also represents H2E, began discussions with Defendants' counsel over the scope of the document requests and H2E's availability for depositions.

6.  Approximately two days later, on or about December 20, 2024, Defendants unsuccessfully attempted to serve additional subpoenas at Movant's personal residence upon Movant as an individual, his wife, and H2E (again). These subpoenas were delivered to a part time housekeeping service not authorized to accept service.

7.  On December 26, 2024, Movant's counsel delivered timely written objections to the subpoenas *duces tecum*.

8.  On January 3, 2025, Movant's counsel met and conferred again with Defendants' counsel by telephone. Among other points of discussion, counsel discussed Movant's objections to the subpoena *duces tecum*, the apparent attempts to

2

harass Movant by subpoenaing his wife, and Movant's lack of availability on the date of the scheduled deposition.

9. On January 8, 2025, Defendants' counsel corresponded with Movant's counsel to communicate that Defendant would not be withdrawing any subpoenas and agreed to just one limitation on their subpoenas *duces tecum*: a date limitation of "2016 to the present."

10. At the same time, Defendants' counsel insisted that document delivery be accomplished within nine business days, noting that the close of fact discovery was January 28, 2025, and that depositions must be held after documents had been delivered but no later than January 28, 2025.

11. Defendants' counsel and Movant's counsel continued to discuss the scope of the subpoenas *duces tecum* but Defendants' counsel refused to further limit the scope of the subpoenas *duces tecum* aside from the date limitation offered on January 8, 2025.

12. On January 21, 2025, Movant filed his Motion to Quash Non-Party Subpoenas or for Entry of Protective Order ("Motion to Quash") in this matter. [ECF 1].

13. After Movant initiated this matter, Defendants' counsel and Movant's counsel continued discussions concerning the scope of the subpoenas *duces tecum*, but Defendants' counsel have refused any limitations aside from the date limitation offered on January 8, 2025.

14. On January 28, 2025, the discovery deadline in the Utah Matter closed.

3

15. On the same date and without notice to Movant, Defendants filed in the Utah Matter a contested "Short Form Discovery Motion to Accommodate Third-Party Schedules and Authorize Three Third-Party Depositions—John Simkiss, Sarah Simkiss, and H2E—After Scheduled Close of Fact Discovery." Utah Matter, at [ECF 230]. Defendants had already filed a separate, still-pending motion to extend fact discovery on January 15, 2025, for the limited purpose of further discovery on two parties to the Utah Matter. *Id.* at [ECF 219].

16. In Defendants' January 28 "Short Form Discovery Motion" in the Utah Matter, Defendants inaccurately represented that Movant's objections were limited to "scheduling constraints." *Id.* at 2. They also inaccurately represented—without any evidence—that Movant had "long been involved in this litigation" and allege that he once "attended" a Zoom hearing, apparently suggesting that Movant should have foreseen service of non-party discovery in the Utah Matter. *Id.*

17. In fact, as laid out in Movant's Motion to Quash [ECF 1], Defendants failed to properly serve Movant, did not afford Movant a reasonable time to comply, and unduly burdened Movant with impossibly broad discovery requests. None of these issues have been remedied, despite continued communications between Defendants' counsel and Movant's counsel.[2]

---

[2] As further laid out in Movant's Motion to Quash [ECF 1], Movant is a nonparty in the Utah Matter, is not involved in the Utah matter, and was not aware of Defendants' desire to issue subpoenas in his name until he learned of Defendants' attempted service on him. Defendants only became aware of Movant's existence after

4

WHEREFORE, Movant respectfully requests that this Court stay disposition of his Motion to Quash [ECF 1] pending the outcome of Defendants' motion for short form discovery in the Utah Matter.

                                            Respectfully submitted,

Dated: January 30, 2025          *s/ David R. Osborne*
                                          **Jonathan Goldstein**
                                          Email: jgoldstein@goldsteinlp.com
                                          **David R. Osborne**
                                          Email: dosborne@goldsteinlp.com
                                          Goldstein Law Partners, LLC
                                          200 School Alley, Suite 5
                                          Green Lane, PA 18054
                                          Telephone: 610-949-0444
                                          Facsimile: 215-257-1910

                                          *Counsel for Movant John Simkiss*

---

his name appeared as a copied or blind-copied individual on communications they discovered elsewhere some time ago in the Utah Matter, and Defendants do not contend that there were any direct communications to or from Movant on any communications. [ECF 1-4].

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Movant's counsel has in good faith conferred with Defendants in an effort to resolve the dispute addressed by this motion without court action.

Dated: January 30, 2025        *s/ David R. Osborne*
                                              **David R. Osborne**
                                              Attorney I.D. No. 318024
                                              Email: dosborne@goldsteinlp.com
                                              Goldstein Law Partners, LLC
                                              200 School Alley, Suite 5
                                              Green Lane, PA 18054
                                              Telephone: 610-949-0444
                                              Facsimile: 215-257-1910
                                              *Counsel for Movant John Simkiss*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(d), the undersigned hereby certifies that that, on January 30, 2025, this motion and accompanying brief were served via electronic mail and/or first class mail on the following:

R. Jeremy Adamson (12818)
Chad S. Pehrson (12622)
Robert P. Harrington (12541)
Stephen Richards (19332)
KB&A
50 West Broadway Ste 1000
Salt Lake City Utah 84101


Dated: January 30, 2025            *s/ David R. Osborne*
                                   **David R. Osborne**
                                   Attorney I.D. No. 318024
                                   Email: dosborne@goldsteinlp.com
                                   Goldstein Law Partners, LLC
                                   200 School Alley, Suite 5
                                   Green Lane, PA 18054
                                   Telephone: 610-949-0444
                                   Facsimile: 215-257-1910
                                   *Counsel for Movant John Simkiss*