# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYMARK INC., et al., <br><br> Defendants. | **Case No. 2:25-mc-00005** <br><br> Originating Court: D. Utah <br> Originating Case No.: 2:23-CV-00467 <br><br> **BRIEF IN SUPPORT OF MOTION TO STAY** |

John Simkiss ("Movant") is a non-essential, tangentially related nonparty to the civil action who was subpoenaed at the eleventh hour by Defendants Rymark, Inc., Nicholas Markosian, and Vicky Small ("Defendants").[1] As laid out in his Motion to Quash Non-Party Subpoenas or for Entry of Protective Order ("Motion to Quash"), the subpoenas were improperly served, did not give Movant a reasonable time to comply, and posed an undue burden on Movant.

Meanwhile, on January 28, 2025, Defendants' discovery period closed, potentially rendering moot Movant's Motion to Quash. However, on the same day, Defendants moved to extend discovery as to Movant. Accordingly, instead of requesting dismissal of this matter as moot, Movant requests that this Court stay resolution of his Motion to Quash pending the outcome of Defendants' request to extend discovery.

---

[1] Defendants Rymark, Inc. and Nicolas Thayne Markosian are also Counterclaimants and Third-Party Plaintiffs in the above-captioned civil action.

## FACTS

The underlying litigation in this matter, *Capana Swiss Advisors, AG v. Rymark Inc.*, Case No. 2:23-cv-00467 (D. Utah) ("Utah Matter"), was commenced by complaint on July 18, 2024, in the United States District Court for the District of Utah. Defendants' first answer and counterclaim in the Utah Matter was filed over a year ago, on September 18, 2023.

Shortly thereafter, on November 7, 2023, the district court in the Utah Matter issued a scheduling order setting the close of fact discovery for September 30, 2024. On June 21, 2024, that deadline was extended to January 28, 2025.

Movant did not hear anything from Defendants about the Utah Matter until approximately December 18, 2024, when, with just over a month before the close of fact discovery, Defendants served third-party discovery requests—a deposition subpoena and a subpoena *duces tecum*—on H2E Americas, LLC ("H2E"), a Delaware corporation in which Movant is a member. Movant's counsel, who also represents H2E, began discussions with Defendants' counsel over the scope of the document requests and H2E's availability for depositions.

Approximately two days later, on or about December 20, 2024, Defendants unsuccessfully attempted to serve additional subpoenas at Movant's personal residence upon Movant as an individual, his wife, and H2E (again). These subpoenas were delivered to a part-time housekeeping service not authorized to accept service.

On December 26, 2024, Movant's counsel delivered timely written objections to the subpoenas *duces tecum*. On January 3, 2025, Movant's counsel met and conferred again with Defendants' counsel by telephone. Among other points of discussion, counsel discussed Movant's objections to the subpoena *duces tecum*, the apparent attempts to harass Movant by subpoenaing his wife, and Movant's lack of availability on the date of the scheduled deposition.

On January 8, 2025, Defendants' counsel corresponded with Movant's counsel to communicate that Defendant would not be withdrawing any subpoenas and agreed to just one limitation on their subpoenas *duces tecum*: a date limitation of "2016 to the present." At the same time, Defendants' counsel insisted that document delivery be accomplished within nine business days, noting that the close of fact discovery was January 28, 2025, and that depositions must be held after documents had been delivered but no later than January 28, 2025. Defendants' counsel and Movant's counsel continued to discuss the scope of the subpoenas *duces tecum* but Defendants' counsel refused to further limit the scope of the subpoenas *duces tecum* aside from the date limitation offered on January 8, 2025.

On January 21, 2025, Movant filed his Motion to Quash in this matter. After Movant initiated this matter, Defendants' counsel and Movant's counsel continued discussions concerning the scope of the subpoenas *duces tecum*, but Defendants' counsel have refused any limitations aside from the date limitation offered on January 8, 2025.

On January 28, 2025, the discovery deadline in the Utah Matter closed. On the same date and without notice to Movant, Defendants filed in the Utah Matter a contested "Short Form Discovery Motion to Accommodate Third-Party Schedules and Authorize Three Third-Party Depositions—John Simkiss, Sarah Simkiss, and H2E—After Scheduled Close of Fact Discovery." There, Defendants inaccurately represented that Movant's objections were limited to "scheduling constraints." They also inaccurately represented—without any evidence—that Movant had "long been involved in this litigation" and allege that he was central to Defendants' litigation because he once "attended" a public Zoom hearing in the litigation, apparently suggesting that Movant should have foreseen service of non-party discovery in the Utah Matter.

In fact, as laid out in Movant's Motion to Quash, Defendants failed to properly serve Movant, did not afford Movant a reasonable time to comply, and unduly burdened Movant with impossibly broad discovery requests. None of these issues have been remedied, despite continued communications between Defendants' counsel and Movant's counsel.[2]

---

[2] As further laid out in Movant's Motion to Quash [ECF 1], Movant is a nonparty in the Utah Matter, is not involved in the Utah matter, and was not aware of Defendants' desire to issue subpoenas in his name until he learned of Defendants' attempted service on him. Defendants only became aware of Movant's existence after his name appeared as a copied or blind-copied individual on communications they discovered elsewhere some time ago in the Utah Matter, and Defendants do not contend that there were any direct communications to or from Movant on any communications. [ECF 1-4].

4

## ARGUMENT

This Court should stay disposition of Movant's Motion to Quash unless and until Defendants' motion to extend discovery as to Movant is granted. Until that time, Defendants are not authorized to continue its attempts to conduct discovery on Movant.

As this Court has explained,

> Granting or denying a motion to stay is within the broad discretionary powers of the court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). In deciding a motion to stay, the court considers: (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set. *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014); *Dorman Prod., Inc. v. Paccar, Inc.*, 2014 WL 2725964, at *1 (E.D. Pa. June 16, 2014).

*Clearly Clean Prods., LLC v. Tekni-Plex, Inc.*, No. CV 20-4723, 2022 WL 22893877, at *1 (E.D. Pa. Feb. 16, 2022) (quoting *Kirsch Research & Dev. v. Cont'l Materials, Inc.*, No. 20-4033, 2021 WL 5713894 at *1 (E.D. Pa. June 2, 2021)).

Here, granting a stay will not cause Defendants to suffer undue prejudice from any delay. As their own motion for extension of discovery tacitly admits, Defendants are right now at the mercy of the court in the Utah Matter if they wish to continue their discovery efforts against Movant, who still has not been properly served. At the same

time, a stay will protect Movant from the undue burden while preserving his ability to quash the subpoenas only if necessary.

Second, a stay will simplify the issues for trial in the Utah Matter, as this Court could unwittingly order relief inconsistent with the district court in the Utah Matter as it manages its own docket. Conversely, if this Court were to order discovery in this matter, Defendants would have an unfair advantage over their adversaries in the Utah Matter, who by all accounts have observed the discovery deadlines imposed in that case.

And finally, although discovery is at present complete and a trial date has been set in the Utah Matter, Defendants' motion to extend discovery in the Utah Matter necessarily affects these important considerations. As soon as Defendants' motion is granted or denied, this Court will have the opportunity to lift the stay in this matter and either address Movant's Motion to Quash on the merits or dismiss it as moot.

## CONCLUSION

Accordingly, this Court stay Movant's Motion to Quash [ECF 1] pending the outcome of Defendants' motion for short form discovery in the Utah Matter.

                                          Respectfully submitted,

                                          GOLDSTEIN LAW PARTNERS, LLC

Dated: January 30, 2025         *s/ David R. Osborne*
                                          **Jonathan Goldstein**
                                          Attorney I.D. No. 201627
                                          Email: jgoldstein@goldsteinlp.com
                                          **David R. Osborne**

          Attorney I.D. No. 318024
          Email: dosborne@goldsteinlp.com
          Goldstein Law Partners, LLC
          200 School Alley, Suite 5
          Green Lane, PA 18054
          Telephone: 610-949-0444
          Facsimile: 215-257-1910
          *Counsel for Movant John Simkiss*