# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYMARK INC., et al., <br><br> Defendants. | Case No. 2:25-mc-00005-AB <br> Judge Anita B. Brody <br><br> Originating Court: D. Utah <br> Originating Case No.: 2:23-CV-00467 <br><br> **REPLY BRIEF IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER** |

In their memorandum opposing non-party Movant John Simkiss's ("Movant's") motion to quash, Defendants Rymark, Inc., Nicholas Markosian, and Vicky Small ("Defendants") detail complex allegations behind the six nonparty subpoenas they issued to Movant, his wife, and a corporation of which Movant is a member. Defendants—who are now seeking an extension to the discovery deadline to pursue their new theories—argue that these allegations mean Movant and everyone else is holding relevant information, that improper service on Movant should be ignored, and that they could try to work out any problems with scheduling or alleviating the burden on Movant.

But Defendants waste this Court's time with their story about Movant's potential connections to the underlying litigation. Even if Defendants' conspiracy theory makes

Movant "pertinent" to the underlying litigation—and he is not[1]—the subpoenas issued to Movant must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3) for failure to properly serve Movant, for failing to give him a reasonable time to comply, and for unduly burdening him. Defs.' Memo. in Opposition to Mot. to Quash Non-Party Subpoena or for Entry of Protective Order [ECF 3-1] ("Defs. Memo.") 3.

Moreover, as detailed in Movant's separately filed Motion to Stay [ECF 2] and acknowledged by Defendants here, they have blown past their own discovery deadline and must wait for the District Court for the District of Utah to grant their motion for short form discovery (and now, their motion for alternate service) on Movant. Defendants' newfound interest in accommodating Movant is entirely theoretical until those motions are granted, if at all.

## ARGUMENT IN REPLY

**A. In-person service is a requirement under Rule 45.**

Defendants argue that, because Movant's attorneys are in receipt of the subpoenas intended for Movant, this Court cannot quash the subpoenas for improper service

---

[1] "Relevance, need, confidentiality, and harm are factors to consider in analyzing the subpoena and requested documents." *Avago Techs. U.S., Inc v IPtronics Inc.*, 309 F.R.D. 294, 296 (E.D. Pa. 2015). Yet Defendants have not provided any factual support, including declarations or affidavits, in support of their theories of Movant's "pertinen[ce]" to the underlying litigation.

under Rule 45(d)(3)(A). Defs.' Memo. 8, 10. They accuse Movant of evading service and gamesmanship, and of "elevat[ing] form over substance." Defs.' Memo. 10.

Federal Rule of Civil Procedure 45(b)(1) provides that service of a subpoena must be accomplished by "delivering a copy to the named person," among other requirements. As this Court has acknowledged, "[a] majority of courts have held that Rule 45 requires personal service of subpoenas." *Parker v. John Doe #1*, No. CIV.A. 02-7215, 2002 WL 32107937, at *2 (E.D. Pa. Nov. 21, 2002). Indeed, "courts within the Third Circuit have interpreted the word 'delivering' in Fed. R. Civ. P. 45(b)(1) literally, requiring that an individual is served personally." *Farley-Skinner v. Adventure Aquarium, LLC*, No. 117CV04797RBKKMW, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018).

This Court has also held—contrary to Defendants' contentions—that improper service of a subpoena under Rule 45(b)(1) is a sufficient ground for quashing a subpoena. *See, e.g., E. Aaron Enter., Inc. v. WebPlus, Inc.*, No. 2:07-CV-0585-LDD, 2009 WL 10640571, at *2 (E.D. Pa. Mar. 31, 2009) ("[W]e find that service was improper and will therefore quash the subpoena.") (citing *Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000)).

Defendants argue it should be enough that Movant's attorneys now have copies of the subpoenas never actually served on Movant. Defs.' Memo. 10. However, "courts have held that delivering a subpoena to a person who might be expected to deliver it to the witness, such as the witness's wife, lawyer, or employer, is inadequate to satisfy

3

the personal service required by Rule 45(b)(1)." *Katz v. Beebe Healthcare*, No. CV 22-625-WCB, 2024 WL 5118423, at *7 (D. Del. Dec. 16, 2024) (citing eight decisions). Neither should the "Declarations of Diligence" filed as an exhibit to Defendants' Memo [ECF 3-9, 3-10] exempt Defendants from the requirements of Rule 45; the process server's purported attempts to personally deliver the subpoenas to Movant (mostly during the holiday season) do not constitute personal service. *Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) ([T]he process servers' multiple attempts at service of the subpoena—unsuccessful[ly] . . . do not constitute personal service under the Rule and applicable case law.").

In sum, Defendants have done nothing but confirm Movant's attestation that he was never personally served with the two subpoenas issued in his name. Accordingly, the subpoenas should be quashed.

**B. Defendants waited until the eleventh hour to subpoena Movant.**

Next, Defendants accuse Movant of failing to continue discussions with Defendants on the scope and timing of compliance before filing a motion to quash, then for refusing to comply while his motion to quash is pending and after Defendants' discovery deadline has run. Defs.' Memo. 11-12. In fact, these were problems of Defendants' own creation. See *Avago Techs. U.S., Inc v. IPtronics Inc.*, 309 F.R.D. 294, 297 (E.D. Pa. 2015) ("The court 'must limit the ... extent of discovery' . . .

4

where the party seeking discovery has had ample opportunity to obtain the discovery . . . .").

Defendants waited until just before their (extended) discovery deadline to issue a subpoena to Movant in the first place, then found it impossible to serve him over the holidays. Once Movant's attorneys obtained copies of the subpoenas and issued objections, Defendants did not address those objections or file a motion to compel; instead, they demanded that a deposition occur on or before the looming deadline, with documents to be delivered seven days prior to the deposition. Decl. of Jonathan Goldstein in Supp. of Mot. to Quash Non-Party Subpoena or for Entry of Protective Order [ECF 1-3] ("Goldstein Decl.") ¶¶ 8-9. Even now that Defendants' deadline has passed, they have refused to narrow the scope of their requests of Movant.[2]

This is not, as Defendants appear to admit, an instance of newly discovered evidence. They allege—albeit without any evidentiary basis—that Movant's name appeared "on multiple communications" with the plaintiff to the underlying litigation and "even attended remotely a hearing" at some point in the litigation. Defs.' Memo. 3. Yet, a recent filing in the underlying litigation reveals that the hearing Movant allegedly "attended" was held on June 13, 2024, and Movant's name appeared on a

---

[2] Meanwhile, Movant did not short-circuit the meet-and-confer process between his counsel and Defendants'. As the record reflects, he waited to file his motion to quash until one day before his noticed deposition, and only after discussions between Movant's counsel and Defendants' counsel failed to resolve his objections.

5

document discovered as early as June 18, 2024, over six months before Defendants' attempted to serve Movant. Pls.' Opposition to Defs.' Short Form Mot. to Accommodate Third-Party Schedules and Authorize Three Third-Party Depositions—John Simkiss, Sarah Simkiss, and H2E—After Scheduled Close of Discovery ("Pls.' Opp."), D. Utah Case No. 23-cv-00467, ECF 234, at 2 & n.2.

Defendants also argue, again, without evidence, that a corporation of which Movant is a member "has contemplated a transaction" with a third-party defendant and would have thereby "come into possession" of allegedly stolen shares. Defs.' Memo. at 4. But the press release Defendants submitted to this Court to support their contention shows that the allegedly contemplated transaction is dated August 24, 2023—nearly 1.5 years ago. Defs.' Memo., at Ex. 2 [ECF 3-3].

That Defendants waited so long also undermines their argument as to the necessity or relevance—neither of which has factual support, including declarations or affidavits—of the information they are seeking. But the plaintiffs' filing in the underlying litigation suggests that the alleged "contemplated" transaction was an investment in the "*parent of the parent of the parent*" company of the corporation for which shares are in dispute—and which is already a party to the underlying litigation. Pls.' Opp 2. Defendants are indeed at the end of the line, just as their eleventh-hour subpoenas would suggest.

6

**C. Defendants have not alleviated the undue burden on Movant.**

Finally, Defendants contend that there is no undue burden on Movant, yet they do not (and cannot) support their theories as to Movants' relevance or defend the breadth of the document requests in the subpoena *duces tecum*. Instead, they vaguely promise that, if they are allowed to continue conferencing with Movant's counsel to narrow the request—something they have been mostly unwilling to do so far—then surely the burden on Movant can be lightened.

"The 'undue burden' category 'encompasses situations where the subpoena seeks information irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money.'" *Avago Techs. U.S., Inc.*, 309 F.R.D. at 297. "The court 'must limit the ... extent of discovery' where it is duplicative, where it can be obtained from another source that is 'more convenient, less burdensome, or less expensive,' where the party seeking discovery has had ample opportunity to obtain the discovery, or where the burden or expense outweighs any perceived benefit of the discovery." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii)). "[T]he Court considers several factors to determine whether the burden on the subpoenaed non-party is in fact undue, including: (1) relevance of the requested materials, (2) the party's need for the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the recipient's status as a non-party." *Frank v. Honeywell Int'l Inc.*, No. 15-MC-00172, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015).

Again, Defendants have failed to provide any factual support for their theories of relevance or their need for information from Movant. Meanwhile, the breadth and the time period covered by the document requests is objectively and exceedingly broad, with little to no particularity. For example, the first request reads as follows:

**REQUESTS**

1. All communications between you and any of the following:

    a. Ashley Miron Leshem

    b. David Hesterman

    c. Nicolai Colshorn

    d. Stefan Kammerlander

    e. Alexander Coenen

    f. Martin Fasser Heeg

    g. Capana Swiss Advisors AG

    h. Amerimark Group AG

    i. Amerimark Automotive Group AG

    j. Philomaxcap AG

    k. Achim Pfeffer

    l. Philocity Global GmbH

    m. Whitetree Capital

    n. Erika Zordaki

    o. Josh McMorrow

Decl. of John Simkiss in Supp. of Mot. to Quash Non-Party Subpoena or for Entry of Protective Order [ECF 1-4], at Ex. 1. Despite several good-faith discussions and email exchanges—and the instant Motion to Quash—Defendants have yet to limit the scope of this or other requests, other than a date limitation of "2016 to the present." Goldstein Decl. ¶ 8.

Defendant argues that Movant's status as a nonparty has nothing to do with this Court's undue burden analysis. However, "[a] court should be 'particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty.' *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (quoting *Fears v. Wilhelmina Model Agency, Inc.,* Case No. 02–cv–4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004)). "In the case of nonparty deponents, courts recognize that '[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents.'" *Frank Brunckhorst Co. v. Ihm,* No. 12–mc–0217, 2012 WL 5250399, at *5 (E.D.Pa. Oct. 23, 2012).

In the end, Defendants' subpoenas are unduly burdensome and should be quashed. Movant should not be forced to respond to an impossibly broad document requests or sit for an unbounded deposition. He has already undertaken substantial effort and cost to confer with Defendants and to defend himself, while Defendants have not even secured permission from the court in the underlying litigation to continue discovery past the current deadline.

9

## CONCLUSION

This Court should quash the subpoenas served on Movant or, in the alternative, issue a protective order relieving Movant of any obligation to comply.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

Dated: February 10, 2025

*s/ David R. Osborne*
**Jonathan Goldstein**
Attorney I.D. No. 201627
Email: jgoldstein@goldsteinlp.com
**David R. Osborne**
Attorney I.D. No. 318024
Email: dosborne@goldsteinlp.com
Goldstein Law Partners, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
Telephone: 610-949-0444
Facsimile: 215-257-1910
*Counsel for Movant John Simkiss*

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(d), the undersigned hereby certifies that that, on January 30, 2025, this motion and accompanying brief were served via electronic mail and/or first class mail on the following:

R. Jeremy Adamson (12818)
Chad S. Pehrson (12622)
Robert P. Harrington (12541)
Stephen Richards (19332)
KB&A
50 West Broadway Ste 1000
Salt Lake City Utah 84101


Dated: February 10, 2025          *s/ David R. Osborne*
                                  **David R. Osborne**
                                  Attorney I.D. No. 318024
                                  Email: dosborne@goldsteinlp.com
                                  Goldstein Law Partners, LLC
                                  200 School Alley, Suite 5
                                  Green Lane, PA 18054
                                  Telephone: 610-949-0444
                                  Facsimile: 215-257-1910
                                  *Counsel for Movant John Simkiss*